# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERCE LANDRUM GROCE, a.k.a. HEROE PRINCE | 1:08-cv-00896 LJO DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING RESPONDENT'S MOTION TO DISMISS PETITION BE GRANTED |
| v. | |
| KEN CLARK, Warden, et.al., | [Doc. 16] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on February 15, 2008 in the United States District Court for the Northern District of California. (Court Doc. 1.) The petition was transferred to this Court on June 11, 2008. (Court Doc. 8.)

Petitioner contends that he was falsely imprisoned for a bogus parole violation in 2006, his parole period was illegally extended from three to four years, and his constitutional rights were violated by a fugitive warrant placed by California and executed in Tennessee in 2004.

On July 14, 2008, the Court directed Respondent to file a response to the petition. (Court Doc. 13.) On September 11, 2008, Respondent filed the instant motion to dismiss on the ground of untimeliness, mootness, and failure to state a claim. (Court Doc. 16.) Petitioner filed an opposition on October 17, 2008. (Court Doc. 19.)

///

DISCUSSION

A. <u>Procedural Grounds for Motion to Dismiss</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. <u>See</u> e.g., <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period, mootness, and failure to present a federal question. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B. <u>One-Year Statute of Limitations Under AEDPA</u>

Respondent argues that Petitioner's claim that his parole was illegally extended from three to four years is time-barred.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The one-year statute of limitations period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The limitations period is tolled

during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2).

Petitioner indicates that the illegal extension of parole occurred on January 3, 2001. (Petition, at 6.) The limitations period began to run on January 3, 2001, when he became aware that his parole had been extended. See Redd v. McGrath, 343 F.3d 1077, 1085 (9th Cir. 2003) (when there is a challenge to the decision of an administrative agency the statute begins to run when petitioner becomes aware of the "factual predicate of the claim"). Petitioner did not file his first petition concerning this claim until January 5, 2005, four years later and the claim is untimely.

Respondent also argues that Petitioner's due process claim in relation to the detainer and extradition is untimely. Petitioner contends on July 2, 2004, he was arrested by Tennessee officials pursuant to a fugitive warrant issued by California, and released on August 12, 2004. (Petition, at 6.) Based on Petitioner's allegations, it appears that he became aware of his claim on August 12, 2004, the date of his release because California refused to extradite him (the alleged due process violation). The one-year statute of limitations expired on or about August 12, 2005 (one year after August 12, 2004). Petitioner did not file the instant petition until February 15, 2008, and absent tolling, it is untimely.

On January 5, 2005, Petitioner filed a petition for writ of habeas corpus in the Alameda County Superior Court, which raised the instant claim. (Exhibit 1, attached to Motion.) The petition was denied on January 28, 2005. (Id.) Petitioner is entitled to statutory tolling while this petition was pending and the limitations period was extended by 24 days, to September 5, 2005.

Petitioner did not file any other petitions within this time period. Petitioner did not file a state petition in the California Court of Appeal until November 1, 2007, well over two years after the limitations period expired.[1] Because the limitations period had already expired, the collateral challenge had no tolling consequence. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also

---

[1] Although Petitioner filed a prior federal petition in the United States District Court for the Northern District of California, it too was filed after the limitations expired and has no tolling effect.

Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal. 2002). Accordingly, this claim is time-barred.

C.  False Imprisonment And Due Process Claims Are Moot

Petitioner contends that he was falsely imprisoned pursuant to a 2006 decision revoking his parole, and his due process rights were violated when he was arrested and released by Tennessee officials pursuant to the California warrant. Because Petitioner was released on parole on July 25, 2008, Petitioner's claims are now MOOT, and should be dismissed.

D.  Failure to State Prima Facie Claim For Relief

Respondent argues that Petitioner's second claim challenging the extradition and detention in Tennessee, fails to state a prima facie claim for relief. On the form petition, Petitioner states, "Violation of my federal-rights under the United States Constitution concerning agreement on detainers, due process rights on extradition." (Petition, at 6.) Petitioner further indicates that he was arrested and detained in Tennessee pursuant to the fugitive warrant placed by California on July 2, 2004, and was released on August 12, 2004, because California refused to extradite him.

Respondent argues that Petitioner's legal and factual explanations in support of this claim do not provide sufficient information to discern the nature of Petitioner's claim. Nor has Petitioner demonstrated how the arrest or release, or California's refusal to extradite him, affects the fact or duration of his confinement to raise a claim under § 2254, citing Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973); Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003).

Respondent's argument is persuasive. Although it appears that Petitioner's claim stems from California's placement of a fugitive warrant and failure to extradite him from Tennessee back to California, Petitioner fails to state a cognizable constitutional violation as a result of such action. Nor has Petitioner demonstrated how such action has affected the fact or duration of his confinement. Accordingly, Respondent's motion to dismiss Ground Two for failure to state a cognizable federal claim should be granted.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition be GRANTED; and,

2. The instant petition for writ of habeas corpus be dismissed, with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 29, 2008**         /s/ **Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE